UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MORRIS WEATHERSPOON,

          Plaintiff,

v.

UNKNOWN PARTIES et al.,

          Defendants.
_____/

Case No. 1:17-cv-792

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Plaintiff sues dozens of Defendants who are employed at MTU, including the following: MDOC Director Daniel Heyns, Warden C. Stoddard; Deputy Warden Unknown Laurer; Grievance Coordinator C. Heffelbower; Director of Mental Health Greg Johnson; Health Unit Manager Michelle Pilon; Doctors Unknown Huyge and Richard Czop; Psychiatrists Armando Santiago, Unknown Shafer, Kathleen Mutschler, and Unknown Gildersleeve; Psychologists Jay Choi, Rebbeca Busman, and Unknown Gould; Mental Health Professional Erica Enz; Social Workers Jeffery Caler and Ashley Detman; Nurse Supervisor Joshua Lanedon; Nurses Unknown Harding, Sherri Hernandez-Cruz, Mark Castor, Unknown Smith, Unknown Lorentz, Kay Stouffer, Unknown Lewis, Unknown Wendt, Unknown Hasseldor, Jarita Unknown, and Rodney Unknown; Case Manager Unknown Lean; Housing Unit Manager Unknown Kirsdorf; Lieutenants Unknown Wood, Unknown Allen and Unknown Cook; Sergeants Unknown Cassel and Unknown Sutton; Corrections Officers J. Somers, Unknown Desjardan, Unknown Clark, Unknown Heard, Unknown Griffith, Unknown Bolano, Unknown Slater, Unknown Kolowickzi, Unknown Eerdman, Unknown Rosewizki, Unknown Ruthruff, Unknown Kolsten, Unknown Castle, Unknown Mullins, and Unknown Johnston; Unknown Parties of Corizon Health (Health Care Provider to the MDOC); Unknown Parties of Maxor (Pharmaceutical Supplier to the MDOC); and Unknown Parties of the MDOC Bureau of Health Care Services.

Plaintiff contends that each Defendant, prior to May of 2013, and during May and June of 2013, participated in a plan to improperly diagnose Plaintiff as mentally ill and that many harms befell him because of that improper diagnosis, including: forcible injections of powerful antipsychotic drugs; false misconduct allegations regarding a knife; improper medical treatment; retaliation for grievances; false imprisonment; exposure to dangerous, assaultive, and predatory mentally ill prisoners; serious bodily injury; withholding of property; and the use of excessive force. Plaintiff attributes each of these improper actions to the Defendants as a group. Plaintiff claims Defendants' actions violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well as the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the False Claim Act, 31 U.S.C. § 3729, the Torture Prevention Act, 18 U.S.C. § 1350, and the Terrorism Act, 18 U.S.C. § 2331. Plaintiff seeks declaratory and injunctive relief as well as an award of compensatory and punitive damages against each Defendant.

Plaintiff acknowledges that these allegations have already been the subject of an action in this Court: *Weatherspoon v. Choi et al*, No. 1:14-cv-707 (W.D. Mich.) (herein "*Choi I*"). In the instant suit, Plaintiff has added one group of unknown Defendants (Unknown Parties of the MDOC Bureau of Health Care Services) and omitted two others (Corrections Officers Unknown Perez and Unknown Miller), but the parties are otherwise identical. Moreover, Plaintiff alleges the same facts, attempts to state the same causes of action for violation of his constitutional rights, and seeks the same relief in the instant suit as in *Choi I*.

In *Choi I*, the Court dismissed most of the Defendants upon initial review of Plaintiff's amended complaint because he had failed to make specific allegations against them. (1:14-cv-707, Op. and Ord., ECF Nos. 13-14.) The Court dismissed a few others for failure to state a claim. (*Id*.) The Court ordered service of Plaintiff's amended complaint upon seventeen

3

of the *Choi I* Defendants. (*Id.*) The case proceeded through discovery; however, the Court granted summary judgment in favor of the remaining Defendants on the merits and entered judgment on September 8, 2017. (1:14-cv-707, Reports and Recommendations, Ops. and Ords., and Judgment, ECF Nos. 88, 105, 219, 231-232.) The matter is presently before the Sixth Circuit Court of Appeals.

Plaintiff filed the instant action before judgment was entered in *Choi I*.

II. <u>Duplicative actions are frivolous</u>

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

In addition, courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious. *See, e.g. McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding that repetitious litigation of virtually identical causes of action may be dismissed under

4

the in forma pauperis statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (finding that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that it was appropriate to dismiss an *in forma pauperis* civil rights suit by prison inmate where suit was duplicative of facts and allegations made in previously dismissed suit, and merely named a different defendant whose actions formed a partial basis for the previous suit); *Risley v. Hawk*, 918 F. Supp. 18, 22 (D.D.C. Cir. 1996) (holding that the district court may dismiss an *in forma pauperis* action where the complaint duplicates the allegations of other pending or previously filed litigation, even where the previously filed actions were filed in different districts); *Hahn v. Tarnow*, No. 06-cv-12814, 2006 WL 2160934, at *3 (E.D. Mich. July 31, 2006).

A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g., Bailey*, 846 F.2d at 1021 (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought in the present complaint and the complaint in *Choi I*, the Court concludes that the present complaint is duplicative.

### III. Plaintiff's action is barred by res judicata

The doctrine of res judicata, also called claim preclusion, means a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata is an affirmative defense, FED. R. CIV. P. 8(c), and "'[c]ourts generally lack the ability to raise an affirmative defense sua sponte." *Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Hutcherson v. Lauderdale Cty.*, 326 F.3d 747, 757 (6th Cir. 2003)). The Court "may take the initiative to assert the res judicata defense sua sponte in 'special circumstances.'" *Id.* (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). One such special circumstance occurs when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. That special circumstance is present in this case.

*Choi I* resulted in a final judgment on the merits. "The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Department Stores, Inc.*, 452 U.S. at 399 n.3. The remaining Defendants' summary judgment motions were also on the merits. The fact that the judgment is on appeal does not render it any less final for purposes of res judicata analysis. "[A] federal judgment becomes final for . . . claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also Smith v. S.E.C.*, 129 F.3d 356, 362 n.7 (6th Cir. 1997) ("The fact that Smith has an appeal of that judgment pending does not deprive that judgment of res judicata effect."); *Commodities Export Co. v. U.S. Customs Serv.*, 957 F.2d 223, 228 (6th Cir. 1992) ("[I]t is well established that a final trial court judgment operates as res judicata while an appeal is pending.").

Because the *Choi I* judgment is final, it operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). Claim preclusion operates to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In order to apply the doctrine of claim preclusion, the court must find that (1) the previous lawsuit ended in a final judgment on the merits; (2) the previous lawsuit was between the same parties or their privies; and (3) the previous lawsuit involved the same claim or cause of action as the present case. *Allen,* 449 U.S. at 94; *accord Federated Dept Stores, Inc.*, 452 U.S. at 398. All of the elements that raise the bar are present here. Accordingly, Plaintiff's action is barred by res judicata. Thus, it is properly dismissed as legally frivolous. *See, e.g., Taylor v. Reynolds*, 22 F. App'x 537, 538-539 (6th Cir. 2001) ("A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. . . . [A] completely duplicative complaint lacks an arguable basis in law or in fact and . . . [is] properly dismissed on the basis of res judicata."); *Murray v. Reed*, No. 02–2458, 2003 WL 21377472, at *1 (6th Cir. June 12, 2003) (affirming dismissal of claim barred by res judicata as frivolous); *Gwyddioniaid v. O'Neil*, No. 88-6436, 1989 WL 68601 (6th Cir. June 26, 1989) (same).

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff action will be dismissed as frivolous because it is entirely duplicative of *Choi I* and barred by the doctrine of res judicata. This is a dismissal as described by 28 U.S.C. § 1915(g).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will be entered.


Dated: October 26, 2017 /s/ Janet T. Neff
Janet T. Neff
United States District Judge